## REUBEN D. SMITH *vs.* STATE OF MARYLAND.

*Criminal Law*: *province of Court and Jury. Instructions by*
*Court; reversible error.*

Where a judge in a criminal case instructs the jury, and in
his instructions makes assertions as facts as to matters which
had not been sustained by proof, and of which there was no
evidence, it constitutes reversible error, although the instruc-
tion was only advisory in form.                    p. 566

*Decided January 22nd, 1913.*

Appeal from the Criminal Court of Baltimore City (EL-
LIOTT, J.).

The facts are stated in the opinion of the Court.

The cause, together with *Cochran* v. *State* and *Wagner* v.
*State*, was argued before BOYD, C. J., BRISCOE, BURKE,
THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Edward L. Ward* and *Harry B. Wolf*, for the appellant.

*Roland R. Marchant, William F. Broening* and *Edgar*
*Allan Poe, Attorney-General*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The material questions presented on the record in this case
were considered and decided by us, in the cases of *Cochran* v.
*State* and *Wagner* v. *State, ante,* pages 539 and 559.

In view of the fact, that the judgment in this case will
have to be reversed and a new trial awarded, we will now
proceed to consider those questions not raised on the appeal

in the *Cochran* and *Wagner cases, supra,* but presented on this record.

The traverser in this case was indicted on the 29th day of December, 1911, in the Criminal Court of Baltimore, for a violation of the State Primary Election Law.

He was acquitted on the first to the ninth counts inclusive of the indictment and convicted on the tenth count, with a recommendation of mercy.

He was sentenced to one year in the Baltimore City Jail and to pay a fine of five hundred dollars and costs. From this judgment, he has brought this appeal.

The rulings of the Court on the demurrer, and on the various motions interposed in the course of the trial and on the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh bills of exceptions, present almost the identical questions passed upon by us, in the *Cochran* and *Wagner cases, supra,* and we find it unnecessary to discuss them on this record.

The determination of the questions raised in those cases are conclusive as to the same questions presented on this record.

The twelfth and thirteenth exceptions relate to certain statements and instructions by the Court, to the jury, before they retired to consider their verdict, and they are set out in the record. After the Court's instruction to the jury as set out in the eleventh bill of exceptions, and before the jury retired to consider the case, one of the jurors asked the Court the following question:

(Juror): May I ask a question?

(The Court): Yes.

(Juror): Did this man get any instruction from anybody?

(The Court): Yes, from the Board of Election Supervisors.

To this statement of the Court to the jury the counsel for the traverser excepted and the error here complained of constitutes the twelfth exception.

The thirteenth exception will be considered with the twelfth and is as follows:

(Mr. Ward, Counsel) : There is nothing in the record to support that (meaning the statement of the Court to the jury) in the traverser's twelfth bill of exception where the Court said, "Yes, from the Board of Election Supervisors." We would like to take an exception to that. Whereupon the Court further instructed the jury as follows:

(The Court) : "You can take it from me, if you will, and the gentlemen can except to it if it is not true—The Board of Supervisors gave these gentlemen full instructions. The testimony in this case is, that this particular traverser had acted three years previous to this election."

While there was evidence that the traverser had served as a judge of election on other occasions, there was not a particle of evidence to support the statement made by the Court to the jury that the Board of Election Supervisors had given him full instructions. This statement was not only a palpable error upon the part of the Court, but this error was accentuated by the further statement by the Court, set out in the thirteenth bill of exception to the effect that "You can take it from me, if you will, and the gentlemen can except to it if it is not true—The Board of Supervisors gave these gentlemen full instructions. The testimony in this case is, that this particular traverser had acted three years previous to this election." The Court erred, and exceeded its power, in making a statement of this character, to the jury, because it was not sustained by any proof, whatever, in the case, and it constitutes reversible error.

It therefore follows for these reasons, and for the further reasons stated in the opinion filed in the case of *Cochran* v. *State* and *Wagner* v. *State*, which apply with equal force in this case, that the judgment must be reversed and a new trial awarded.

*Judgment reversed and new trial awarded.*